[Civ. No. 2657. Second Appellate District, Division One.—May 27, 1919.]

## TITLE LAND COMPANY, Respondent, v. B. G. SCHAEFER et al., Appellants.

[1] APPEAL—ORDER DENYING NEW TRIAL—PRESUMPTIONS.—The appellate court must, in the absence of an affirmative showing of error, presume the order of the trial court denying a motion for a new trial was properly made.

[2] ID.—TYPEWRITTEN TRANSCRIPTS—APPLICATION TO BILLS OF EXCEPTIONS AND STATEMENTS—CONSTRUCTION OF CODE SECTIONS.—The provisions of sections 953a and 953c of the Code of Civil Procedure have no application to bills of exceptions or statements settled and allowed by the trial judge as provided in section 653 of the Code of Civil Procedure. When such method of bringing

up the record is adopted, it must be presented by a printed transcript thereof.

[3] ID.—WHEN TYPEWRITTEN TRANSCRIPTS MAY BE USED.—It is only in those cases where the appellant avails himself of the provisions of section 953a of the Code of Civil Procedure that he may adopt a typewritten form in bringing up the record.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Lantz, W. J. Davis and Howard F. Shepherd for Appellants.

John F. Poole for Respondent.

SHAW, J.—Defendants appeal from a judgment rendered by the court in favor of plaintiff, quieting its title to a certain lot of land described in the complaint, and also from an order of court made denying their motion for a new trial.

No argument is made by appellants urging a reversal of the judgment for any error disclosed by the judgment-roll. In their brief, however, they insist not only that the evidence is insufficient to support certain findings, but complain of rulings of the court both in admitting and rejecting evidence offered, by reason of which they insist that the court erred in denying their motion for a new trial. No record is presented upon which the court may review the rulings complained of. The motion for new trial was made upon a statement the correctness of which is certified by the judge who tried the case; and while the record shows that defendants' motion for a new trial was by order of the court denied, it fails to show upon what ground the motion for a new trial was made. For aught that appears to the contrary, it may have been made for anyone or all of the causes specified in subdivisions 1, 2, 3, and 4 of section 657 of the Code of Civil Procedure, in which event such grounds must be made to appear by affidavits, none of which were filed. [1] We must, in the absence of an affirmative showing of error, presume the order denying the motion was properly made. The statement in support of

defendants' motion for a new trial, as settled and allowed by the court, is brought up in typewritten form. No authority or warrant for such procedure exists. Section 953a of the Code of Civil Procedure provides that one desiring to' appeal may, "in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section 650 of this code," adopt the procedure therein prescribed for obtaining and presenting to the court a phonographic report of the proceedings had and taken at the trial, to the truth of which the judge should certify, and when so settled it shall be deemed a part of the judgment-roll and on appeal considered a part of the judgment-roll. Section 953c of the Code of Civil Procedure provides that where an appellant, in adopting a procedure for presenting a record for review, avails himself of the provisions of section 953a, such transcript need not be printed, but "in filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." [2] The provisions of these sections have no application to bills of exception or statements settled and allowed by the trial judge as provided in section 653 of the Code of Civil Procedure. When such method of bringing up the record is adopted, it must be presented by a printed transcript thereof. [3] It is only in those cases where the appellant avails himself of the provisions of section 953a of the Code of Civil Procedure that he may adopt a typewritten form in bringing up the record. Appellants did not avail themselves of the provisions of this section, but, for the purpose of illustrating the alleged errors committed by the court, procured the settlement of a statement used on their motion for a new trial. The record so presented in typewritten form is unauthorized by the sections of the code to which we have referred and hence cannot be considered in support of their appeal from the order denying their motion for a new trial.

There appears to be no error disclosed by the judgment-roll, and for the reasons given, no authenticated record is presented upon which we can say the trial court erred in denying defendants' motion for a new trial.

The judgment and order are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.